**Opinion filed January 20, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00210-CR

_____

## CHRISTOPHER COBOS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-44,709**

## M E M O R A N D U M   O P I N I O N

The jury convicted Christopher Cobos of the offense of assault family violence with a previous conviction for assault family violence. The jury found an enhancement allegation to be true and assessed Appellant's punishment at confinement for twelve years, and the trial court sentenced him accordingly. We dismiss the appeal.

Appellant's court-appointed counsel, a board-certified criminal appellate attorney, has filed a motion to withdraw. The motion is supported by a brief in which

counsel professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, and a copy of the reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief. Counsel provided Appellant with a motion to file in this court for pro se access to the appellate record. Appellant filed a pro se motion in this court and was provided with a copy of the clerk's record. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Appellant has filed a lengthy pro se response to counsel's *Anders* brief. In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the

attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

January 20, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.